JOSEPH L. SOLOFF ET AL., PARTNERS, ETC., APPELLANTS,
v. MARY FREEDMAN, RESPONDENT.

Argued October 22, 1926—Decided January 31, 1927.

A brokerage agreement provided that the plaintiffs negotiating a sale for the defendant should receive a commission of three per cent. upon the sale price, "said commission to be paid at the time of settlement." The intending vendor and vendee failed to agree, and the plaintiffs signed a receipt to the defendant for a part of the commission (which was paid) which receipt provided that the balance of the commission should "be paid in the event that settlement takes place." *Held*, that the plaintiffs were not entitled to the balance of the commission until a sale was consummated.

On appeal from the Atlantic County Circuit Court.

For the appellants, *Thompson & Hanstein.*

For the respondent, *Cole & Cole.*

The opinion of the court was delivered by

MINTURN, J. The suit was brought by the plaintiffs, against the defendant, to recover commissions under a contract, by the terms of which the plaintiffs were authorized to negotiate the sale of certain property in Atlantic City, belonging to the defendant. No question is made regarding the employment, nor is it denied that the plaintiffs secured a purchaser for the premises. When the parties to the contract came together, however, they failed to consummate the bargain. The property, at the time of the execution of the agreement for sale, consisted of a lot upon which buildings were being erected, the first story of which had not as yet been completed. The agreement called for the construction of buildings, in accordance with certain plans and specifications, and the purchaser refused to accept a conveyance because that provision of the agreement had been violated. It appears that when the parties met, there were attempts at negotiation, and

an extended discussion, which, however, failed to consummate the bargain.

The original brokerage agreement provided that the plaintiffs should receive a commission of three per cent. upon the sale price, "said commission to be paid at the time of settlement." When the intending vendor and vendee met and failed to agree, the defendant and the plaintiffs entered into another agreement, as appears from a receipt signed by the plaintiffs, which provided that plaintiffs had received from the defendant $2,500 as part commission upon the sale, and then provided: "Balance of $3,500 to be paid at the time of settlement * * * $3,500 to be paid in the event settlement takes place."

The suit was instituted to recover the final payment of $3,500. The learned trial court directed a nonsuit, upon the theory that no settlement had taken place as contemplated and expressed in the contract, and that action we think was legally proper. While it may be true that the word "settlement" in the original brokerage contract was of uncertain meaning, it is manifest that the parties accurately defined it by their later contract, by providing that as to the $3,500 the plaintiffs' right thereto was made dependent upon the actual completion of the purchase, and the delivery of a deed and the payment of the purchase-money as a condition precedent.

It is quite manifest that the signing of this receipt and the payment of $2,500 on account was the result of a compromise between the parties, as a result of a discussion whereby the plaintiffs claimed that they were entitled to the whole commission when they produced the purchaser, while the defendant insisted that they were not entitled to any portion thereof unless not only a purchaser were produced, but a sale actually consummated. Such, at least, would seem to be the plain import of the language employed to express their intent, and we therefore conclude that the learned trial court to whom the construction of the agreement is legally committed was correct in so construing it.

The judgment will be affirmed.

*For affirmance*—The Chancellor, Chief Justice, Trenchard, Minturn, Kalisch, Black, Katzenbach, Campbell, Lloyd, Van Buskirk, McGlennon, Kays, Hetfield, JJ. 13.

*For reversal*—None.